BRYAN MASHIAN, ESQ. (SBN: 115965)
JONATHAN RAFAELOF, ESQ. (SBN: 311738)
MASHIAN LAW GROUP, APC
A PROFESSIONAL CORPORATION
11777 SAN VICENTE BOULEVARD, SUITE 640
LOS ANGELES, CA  90049
TELEPHONE: (310) 207-1464
FACSIMILE: (310) 207-1466
EMAIL:  BRYAN@MASHIANLAW.COM;
JONATHAN@MASHIANLAW.COM

ATTORNEYS FOR CROSS-CLAIMANT
GREEN WATER GAS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Garibay,<br><br>         Plaintiff,<br><br>    v.<br><br>Green Water Gas, Inc., a Wyoming Corporation; Pelican Endeavors, Inc., a California Corporation; and Does 1-10,<br>         Defendants. | Case No. 2:20-cv-00790-FLA-AS<br><br>**FIRST AMENDED CROSS-CLAIM OF GREEN WATER GAS, INC. FOR:**<br><br>   1. **EXPRESS CONTRACTUAL INDEMNITY; AND**<br><br>   2. **DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |
| Green Water Gas, Inc., a Wyoming corporation,<br><br>         Cross-Claimant,<br><br>    vs.<br><br>Pelican Endeavors, Inc., a California corporation; Shahid Shawn Hameed; Lubna Mamnoon; and Roes 1-10,<br><br>         Cross-Defendants. | |

1

**FIRST AMENDED CROSS-CLAIM OF CROSS-CLAIMANT
GREEN WATER GAS, INC.**

COMES NOW Cross-Claimant Green Water Gas, Inc., a Wyoming corporation, for its claims against Cross-Defendant Pelican Endeavors, Inc., a California corporation, and Cross-Defendants Shahid Shawn Hameed and Lubna Mamnoon and states and alleges as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

1. Cross-Claimant Green Water Gas, Inc. (hereinafter "Green Water" or "Cross-Claimant") is a Wyoming corporation duly organized and existing under the laws of the State of Wyoming. Green Water transacts business in the County of Los Angeles.

2. Cross-Defendant Pelican Endeavors, Inc., a California corporation ("Pelican" or "Cross-Defendant") is a California corporation duly organized and existing under the laws of the State of California. Pelican transacts business in the County of Los Angeles.

3. Cross-Defendant Shahid Shawn Hameed ("Hameed") is an individual who transacts business in the County of Los Angeles.

4. Cross-Defendant Lubna Mamnoon ("Mamnoon") is an individual who transacts business in the County of Los Angeles. Hameed and Mamnoon are husband and wife.

5. Green Water does not know the true names of Roe Cross-Defendants 1-10, their business capacities, their ownership connection to the Premises, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Roe Cross-Defendants. Green Water is informed and believes that each of the Cross-Defendants herein, including Roes 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Green Water will seek leave to amend when the true names, capacities, connections, and responsibilities of Roe Cross-Defendants 1 through 10, inclusive, are ascertained.

6. This Court has supplemental jurisdiction of this Cross-Claim pursuant to 28 U.S.C. § 1367 because it arises from the same nucleus of operative facts as the Complaint filed by Plaintiff Juan Garibay ("Plaintiff").[1]

7. All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California and venue is invoked pursuant to 28 U.S.C. §1391(b) and §1391(c).

8. Green Water is the owner of the premises located at 980 W. Pacific Coast Highway, Wilmington, California 90744 (the "Property"). Green Water leases the Property to Pelican and in particular, the building which is operated by Pelican as gas station and convenience retail store operating under the trade of "ARCO AM/PM" (the "Premises").

9. The relationship between Green Water and Pelican is governed by the Lease between the parties dated for reference purposes only as December 12, 2017 (the "Lease"). A true and correct copy of the Lease is attached hereto as Exhibit "1" and incorporated herein by reference.

10. Hameed and Mamnoon are guarantors of the Lease, pursuant to the Guaranty of Lease (the "Guaranty") attached to the Lease as Exhibit "A." A true and correct copy of the Guaranty is attached hereto as Exhibit "2" and incorporated herein by reference.

11. Article 1.7 of the Lease defines Hameed and Mamnoon as "Guarantor" individually and "Guarantors" collectively.

12. Article 6.7 of the Lease provides, in pertinent part, as follows:

> "Except as otherwise provided in this Lease, Lessee shall, at Lessee's sole expense, fully, diligently and in a timely manner, materially comply with all Applicable Requirements ...."

---

[1] Plaintiff's Complaint was dismissed by this Court on August 19, 2020 pursuant to the stipulation of the parties. However, Plaintiff's Cross-Claim continues to be litigated before this Court.

13. Article 2.3 of the Lease defines, in pertinent part, "Applicable Requirements" as "the applicable laws, rules, regulations, codes, ordinances, permits, easements, covenants, conditions or restrictions of record … including, but not limited to, … Americans With Disabilities Act ('ADA')" in effect at the commencement of the Lease.

14. Article 48.2 of the Lease provides:

> "Since compliance with the Americans with Disabilities Act (ADA) and other state and local accessibility statutes are dependent upon Lessee's specific use of the Premises, Lessor makes no warranty or representation as to whether or not the Premises comply with ADA or any similar legislation. In the event that Lessee's use of the Premises requires modifications or additions to the Premises in order to be in compliance with ADA or other accessibility statutes, Lessee agrees to make any such necessary modifications and/or additions at Lessee's expense. Lessor shall be in compliance with all applicable laws by all government agencies having jurisdiction on the property at the time of lease commencement. Lessee shall be responsible for similar compliance effective the commencement date of this lease."

15. Article 8.6 of the Lease provides, in pertinent part, as follows:

> "**Indemnity.** Except for Lessor's gross negligence or willful misconduct, Lessee shall indemnify, protect, defend and hold harmless the Premises, Lessor and Lessor's agents, Lessor's master or ground lessor, partners and Lenders, from and against any and all claims, loss of rents and/or damages, liens, judgments, penalties, attorneys' and consultants' fees, expenses and/or liabilities arising out of, involving, or in connection with, the use and/or occupancy of the Premises by Lessee. If any action or proceeding is brought against Lessor by reason of any of the foregoing matters, Lessee shall upon notice defend the same at Lessee's expense by counsel. Lessor need not have first paid any such claim in order to be defended or indemnified."

16. Article 12.2.4 of the Lease provides, in pertinent part, as follows:

> "In the event of any Default or Breach by Lessee, Lessor may proceed directly against Lessee, any Guarantors or anyone else responsible for the performance of Lessee's obligations under this Lease, including any assignee or sub lessee, without first exhausting Lessor's remedies against any other person or entity responsible therefor to Lessor, or any security held by Lessor."

17. Article 13.1 of the Lease, in pertinent part, defines "Default" as "as a failure by the Lessee to comply with or perform any of the terms, covenants, conditions or [r]ules and [r]egulations under this Lease."

## FIRST CLAIM FOR RELIEF AGAINST CROSS-DEFENDANTS PELICAN ENDEAVORS, INC., SHAHID SHAWN HAMEED AND LUBNA MAMNOON FOR EXPRESS CONTRACTUAL INDEMNITY

18. Green Water hereby incorporates herein by this reference Paragraphs 1 through 17 as set forth hereinabove as if set forth in full.

19. Pursuant to Article 8.6 of the Lease, Pelican is required to indemnify Green Water for the alleged defects in the facilities for the disabled and damages claimed by Plaintiff as alleged in the Complaint with respect to those defects which occurred within the Premises.

20. Pursuant to Article 12.2.4 of the Lease, Green Water may proceed directly against Hameed and Mamnoon as Guarantors of the Lease for the alleged defects in the facilities for the disabled and damages claimed by Plaintiff as alleged in the Complaint with respect to those defects which occurred within the Premises.

21. Green Water has performed all obligations required on its part with respect to the Lease, except those obligations were waived or excused.

22. Green Water has retained the services of the Mashian Law Group to defend in this action, thereby incurring costs, attorney's fees and other litigation fees in the defense of this action and prosecution of this Cross-Claim. Green Water will

seek leave of this Court to amend this Cross-Claim to show the amount of said costs and attorney's fees when the same became known to Green Water. Green Water is required to undertake Green Water defense of this action.

23. Although Green Water has denied any liability to Plaintiff, Green Water is entitled to be indemnified by Pelican for any and all damages, including attorney's fees, suffered as a result of the alleged defects in the facilities for the disabled and damages claimed by Plaintiff, as well as any settlement entered into and/or judgment rendered against Green Water as a result.

24. Although Green Water has denied any liability to Plaintiff, Green Water is entitled to be indemnified by Hameed and Mamnoon as Guarantors of the Lease for any and all damages, including attorney's fees, suffered as a result of the alleged defects in the facilities for the disabled and damages claimed by Plaintiff, as well as any settlement entered into and/or judgment rendered against Green Water as a result.

## SECOND CLAIM FOR RELIEF FOR DECLARATORY RELIEF
## AGAINST ALL CROSS-DEFENDANTS

25. Green Water hereby incorporates herein by this reference Paragraphs 1 through 24 as set forth hereinabove as if set forth in full.

26. This cause of action is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure.

27. An actual controversy has arisen and now exists by and between Green Water, Pelican, Hameed and Mamnoon regarding their respective rights and duties under the terms of the Lease as to whether Green Water is entitled to be indemnified by Pelican, Hameed and Mamnoon, for all damages, costs and attorney's fees that Green Water suffers as a result of alleged defects in the facilities for the disabled and damages claimed by Plaintiff as alleged in the Complaint with respect to those defects which occurred within the Premises.

28. Green Water contends, on the one hand, that Green Water is entitled to

be indemnified by Pelican, Hameed and Mamnoon, jointly and severally, for all damages, costs and attorney's fees that Green Water suffers as a result of alleged defects in the facilities for the disabled and damages claimed by Plaintiff as alleged in the Complaint with respect to those defects which occurred within the Premises.

29. Upon information and belief, Pelican, Hameed and Mamnoon contend, on the other hand, that any or all of them are not required to indemnify Green Water for all damages, costs and attorney's fees that Green Water suffers as a result of alleged defects in the facilities for the disabled and/or any damages claimed by Plaintiff as alleged in the Complaint with respect to those defects which occurred within the Premises.

30. Green Water desires a judicial determination of its rights and duties and a declaration as to the rights and duties of the parties under the Lease with respect to indemnifying Green Water for any damages, attorney's fees or costs it incurs as a result of Plaintiff's claims.

31. Such a declaration is necessary and appropriate at this time to enable Green Water to determine its rights and duties related to the Lease.

## **PRAYER**

WHEREFORE, Cross-Claimant Green Water Gas, Inc. prays for judgment against Cross-Defendant Pelican Endeavors, Inc. as follows:

1. That this Court determine the rights, duties and obligations of the parties to this action, and by virtue of the facts, matters, happenings and events and transactions as alleged in the Complaint, this Cross-Claim and the Answers filed by the parties, including Green Water's right to be indemnified by Pelican, Hameed and Mamnoon, jointly and severally, for all damages, attorney's fees and costs which Green Water incurs as a result of Plaintiff's claims;

2. That in the event it is determined that there is a sum due from Green Water to Plaintiff, that this Court find, declare, determine and adjudge that Green

Water is entitled to be indemnified by Pelican, Hameed and Mamnoon, jointly and severally, and have judgment against Pelican, Hameed and Mamnoon, jointly and severally;

    3.    For reasonable attorney's fees incurred herein, pursuant to Article 31 of the Lease;

    4.    For costs of suit; and

    5.    For such other and further relief as the Court deems just and proper.

DATED: February 1, 2021        MASHIAN LAW GROUP, APC

By: _____
Bryan Mashian, Esq.
Attorneys for Cross-Claimant Green
Water Gas, Inc., a Wyoming corporation
11777 San Vicente Boulevard
Suite 640
Los Angeles, California 90049
Phone: 310-207-1464

## DEMAND FOR JURY TRIAL

Cross-Claimant Green Water Gas, Inc. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Court.

DATED: February 1, 2021              MASHIAN LAW GROUP, APC

By: _____
Bryan Mashian, Esq.
Attorneys for Cross-Claimant Green
Water Gas, Inc., a Wyoming corporation
11777 San Vicente Boulevard
Suite 640
Los Angeles, California 90049
Phone: 310-207-1464

9

**FIRST AMENDED CROSS-CLAIM OF CROSS-CLAIMANT GREEN WATER GAS, INC.**

**PROOF OF SERVICE BY CM/ECF**
**F.R.C.P. Rule 5(b)(1)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 11777 San Vicente Blvd., Suite 640, Los Angeles, California 90049.

On February 1, 2021, I served the foregoing documents described as **FIRST AMENDED CROSS-CLAIM OF GREEN WATER GAS, INC. FOR: 1. EXPRESS CONTRACTUAL INDEMNITY; AND 2. DECLARATORY RELIEF** on interested parties as follows:

Frank C. Brucculeri, Esq.
Frank Brucculeri Law Corp.
24341 La Hermosa Ave.
Laguna Niguel, CA 92677

**By CM/ECF.** I caused the document to be transmitted electronically to the persons above through the United States District Court, Central District of the State of California's CM/ECF service to the addresses listed on the CM/ECF website for service.

I am a resident or employed in the county where the filing occurred. The filing was made at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on February 1, 2021 at Los Angeles, California.

_____
Yessica Juarez

---

**FIRST AMENDED CROSS-CLAIM OF CROSS-CLAIMANT GREEN WATER GAS, INC.**